Matter of Spolin (2026 NY Slip Op 01735)

Matter of Spolin

2026 NY Slip Op 01735

Decided on March 24, 2026

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 24, 2026
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Tanya R. Kennedy, Justice Presiding, Saliann Scarpulla, Martin Shulman, Bahaati E. Pitt-Burke, Shlomo S. Hagler, Justices. 

Motion No. 2026-00014|Case No. 2025-07903|

[*1]In the Matter of Aaron Spolin, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Aaron Spolin (OCA Atty. Reg. No. 5248505), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Aaron Spolin, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on May 12, 2014.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York City (Louis J. Bara, of counsel), for petitioner.
Respondent, pro se.

Per Curiam 

Respondent Aaron Spolin was admitted to the practice of law in the State of New York by the First Judicial Department on May 12, 2014. Respondent has not appeared in this proceeding, and his last registered address is in New York. As the admitting Judicial Department, this Court retains continuing jurisdiction over respondent pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.7(a)(2).
In 2018, California Assembly Bill 2942 (AB2492) amended the California Penal Code to allow the court in which a defendant was sentenced to recall and resentence the defendant upon recommendation of the district attorney. In 2020, the Los Angeles County District Attorney (LADA) issued a resentencing policy which established the standards by which they would evaluate a matter for possible resentencing. Thereafter, in February and April 2021, the LADA informed respondent that no action was needed for a defendant to be considered for resentencing, that any action taken would not have an impact on the LADA's determination, and the LADA also published the criteria in place to prioritize case review.[FN1]
Nevertheless, between March 2021 and November 2022, respondent charged eight clients for case reviews and the preparation and submission of letters seeking resentencing to the LADA and the Orange County District Attorney (OCDA). These cases and respondent's related misconduct will be discussed in turn.
In December 2020, respondent was retained by J.R. and his wife, to conduct a case review and paid a $3,000 retainer. J.R. was sentenced to 28 years in prison for shooting at an occupied vehicle. However, respondent failed to inform J.R. and his wife that he did not qualify for priority review due to his serious and violent felony conviction, that no action was needed for him to be considered for resentencing or that the LADA was not accepting communications regarding requests for resentencing under AB2942. Respondent charged $14,800 for his services, with a $3,000 credit for case review.
In January 2021, respondent was retained by W.C. and his family to conduct a case review and paid a $3,000 retainer. W.C. was sentenced to 27 ½ years to life in prison for attempted carjacking and robbery. However, respondent failed to inform W.C. and his family that he did not qualify for priority review due to his serious and violent felony conviction, that no action was needed for him to be considered for resentencing or that the LADA was not accepting communications regarding requests for resentencing under AB2942. Respondent was also retained to file an application to the Governor for commutation of W.C.'s sentence. Respondent charged $19,000 for these services, with a $3,000 credit for case review. After W.C. filed a complaint with the California Bar, respondent refunded $3,000 to W.C. and $5,000 to his sister.
In February 2021, respondent was retained by J.P.'s sister on his behalf to conduct a case review and paid a $3,000 retainer. J.P. was sentenced to 64 years to life for murder and related offenses. However, respondent did not inform J.P. or his sister that J.P. did not qualify for priority review due to his serious and violent felony conviction, that there was no need for action on their part to be considered for resentencing, or that the LADA was not accepting correspondence regarding cases seeking resentencing under AB2942. Respondent charged J.P.'s sister $23,700 to apply for resentencing under AB2942, to submit a commutation application to the Governor, and for a Franklin hearing.[FN2] Following respondent's submission of the AB2942 application, the LADA sent respondent a letter denying the relief requested and reminding respondent that contacting the office with unsolicited information or asking for an update is "not helpful, and in fact, severely detracts from [their] ability to review cases in a fair, orderly, and expeditious manner."
Between May 2021 and October 2021, the OCDA informed respondent, in at least eight letters, that it would only accept resentencing requests that originated from the California Department of Correction and Rehabilitation (CDRC). Nevertheless, in December 2021, respondent was retained by D.L.'s wife on his behalf to conduct a case review and was paid a $3,000 retainer. Respondent failed to inform his client that OCDA would only accept requests from CDRC. Respondent was subsequently retained to file an AB2942 application, a supplemental/superseding application for commutation of sentence, and a petition for Franklin hearing. Respondent charged D.L.'s wife $28,500 with a $3,000 credit for the case review. D.L.'s wife paid the additional $25,500, but upon learning that OCDA would not consider respondent's request, she requested a full refund. Respondent refunded only $4,700.
In June 2021, respondent was retained by T.S.'s sister on his behalf to conduct a case review and paid respondent a $3,000 retainer. T.S. was convicted of kidnapping, robbery, and other related offenses and was sentenced to 160 years to life in prison. However, respondent did not inform T.S. or his sister that he did not qualify for priority review due to his serious and violent felony conviction, that there was no need for action on their part to be considered for resentencing, or that the LADA was not accepting correspondence regarding cases seeking resentencing under AB2942. Nonetheless, respondent charged T.S. $11,700 to submit a request for resentencing, a request that was unlikely to result in any relief for T.S. Additionally, on February 3, 2023, respondent's administrative assistant erroneously sent T.S. a letter indicating that LADA requested additional information. Though the letter was sent in error, respondent never informed T.S. or his sister of the error.
In December 2021, respondent was retained by D.J. and his fiancÉe and paid a $3,000 retainer to conduct a case review. D.J. was sentenced to 41 years in prison upon being convicted of armed robbery. However, respondent failed to inform D.J. and his fiancÉ that he did not qualify for priority review due to his serious and violent felony conviction, that no action was needed for him to be considered for resentencing or that LADA was not accepting communications regarding request for resentencing under AB2942. Respondent was also retained to file a request for resentencing under AB2942 and to file an application to the Governor for commutation of D.J.'s sentence. Respondent charged $21,700 for the services.
In February 2022, respondent was retained by K.H.'s fiancÉe on his behalf to conduct a case review and paid a $3,000 retainer. K.H.'s fiancÉe was quoted a further legal fee of $18,200 with credit for the retainer, to file further relief. K.H. was convicted of three counts of murder and other related offenses and was sentenced to death. Although K.H. did not qualify for prioritized review with the LADA due to his violent and serious felony conviction, respondent recommended seeking relief. Respondent also failed to inform K.H. that no action was needed, that such action would not likely result in meaningful relief, or that the LADA was not accepting correspondence seeking resentencing under AB2942. After learning that the LADA was not accepting applications for relief, K.H.'s fiancÉe declined further representation and requested an itemized bill. Respondent only provided a "block billing" accounting for his services.
In April 2022, respondent was retained by B.M. and his wife to conduct a case review and paid $3,000. B.M. was sentenced to 39 years and 4 months in prison for robbery and other related offenses. However, respondent failed to inform B.M. and his wife that he did not qualify for priority review due to his serious and violent felony conviction, that no action was needed for him to be considered for resentencing or that the LADA was not accepting communications regarding request for resentencing under AB2942. Respondent was also retained to file a request for resentencing under AB2942 and charged $14,500, with a $3,000 credit for the case review.
In addition to the misconduct described above, between July 2020 and May 2023, respondent's website contained a statement that a client of the firm had his life sentence commuted by the Governor. While it was true that the individual was a client of respondent's firm, they had their sentence commuted prior to retaining respondent's firm.
Based on the above conduct, and on May 30, 2025, respondent entered into a stipulation in which he pleaded nolo contendere to the charges, including violations of California Rules of Professional Conduct 1.4(b), 2.1, 7.1(a), 1.5(a), and Business and Professions Code § 6068(m). The stipulation stated that he understood that his plea would be considered the same as an admission of culpability and that he agreed to disbarment.
The stipulation included factors in aggravation and mitigation. In mitigation, the stipulation cited respondent's cooperation by way of his plea, as well as character letters submitted on his behalf. In aggravation, the stipulation noted respondent's multiple acts of misconduct which resulted in financial hardship for vulnerable victims.
By order entered September 11, 2025, the Supreme Court of California disbarred respondent pursuant to respondent's agreement and entry of a nolo contendere plea in their disciplinary proceeding. Respondent did not report his misconduct to this Court or to the Attorney Grievance Committee (AGC) as required by 22 NYCRR 1240.13(d).
The AGC now seeks an order, pursuant to Judiciary Law § 90(2), 22 NYCRR 1240.13, and the doctrine of reciprocal discipline, finding that respondent has been disciplined by a foreign jurisdiction, disbarring respondent, or alternatively, sanctioning respondent as the Court deems just and proper under the circumstances.
In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13(b), respondent may raise the following defenses: (1) lack of notice or opportunity to be heard in the foreign jurisdiction constituting a depravation of due process; (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state (Matter of Milara, 194 AD3d 108, 110 [1st Dept 2021]).
Although respondent has not appeared in this proceeding, none of the enumerated defenses are applicable here. Respondent received notice of the allegations against him, was afforded an opportunity to be heard, and knowingly and voluntarily entered a nolo contendere plea in the California disciplinary proceeding, acknowledging that his plea would be treated as an admission of culpability. Respondent's misconduct in California would also constitute misconduct in New York in violation of the Rules of Professional Conduct (22 NYCRR 1200.00) 1.4(a)(3), 1.4(b), 1.5(a), 2.1, and 7.1(a)(1). Accordingly, the imposition of reciprocal discipline is warranted pursuant to 22 NYCRR 1240.13(c).
With respect to sanctions, as a general rule this Court defers to the sanction imposed by the jurisdiction in which the charges were originally brought because the foreign jurisdiction has the greatest interest in fashioning sanctions for misconduct (see Matter of Milara, 194 AD3d at 111; Matter of Tabacco, 171 AD3d 163, 165 [1st Dept 2019]; Matter of Blumenthal, 165 AD3d 85, 86 [1st Dept 2018]). Thus, disbarment, as requested by the AGC, is the appropriate sanction here as it is commensurate with the discipline imposed in California (see Matter of Blumenthal, 165 AD3d at 86; Matter of Jaffe, 78 AD3d 152, 158 [1st Dept 2010]).
Accordingly, the AGC's motion pursuant to Judiciary Law § 90(2), 22 NYCRR 1240.13 and the doctrine of reciprocal discipline should be granted, respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for reciprocal discipline, pursuant to Judiciary Law § 90(2) and 22 NYCRR 1240.13, is granted, and respondent, Aaron Spolin, is disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately, and until further order of this Court; and
It is further Ordered that, pursuant to Judiciary Law § 90, respondent, Aaron Spolin, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, respondent, Aaron Spolin, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Aaron Spolin, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: March 24, 2026

Footnotes

Footnote 1: According to the stipulation filed in respondent's California disciplinary matter, "[t]he LADA would prioritize cases for resentencing under AB2942 for adults whose cases met all of the following criteria: (1) Age 50 and older; (2) sentenced to 20 years or more; (3) served a minimum of ten years in custody; (4) serving a sentence for a non-serious or non-violent felony [serious and violent felonies are defined in Penal Code section 1192.7(c) and Penal Code section 667.5(c)]; (5) has not suffered a prior conviction for a "super strike," as defined in Penal Code section 667(e)(2)(c)(IV); and (6) is not a sex offender registrant."

Footnote 2: In California, a Franklin hearing is a proceeding that allows individuals to present mitigating evidence of youthfulness for parole considerations (People v Franklin, 63 Cal 4th 261, 284, 370 P3d 1053, 1065 [2016], cert denied 580 US 1022 [2016]).